IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


MICHAEL EUGENE LEWIS                                                    PLAINTIFF


V.                                                          CIVIL ACTION NO.2:09CV26-SAA


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                         DEFENDANT


**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Michael Eugene Lewis, for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff applied for benefits on August 4, 2005 for POD and DIB and July 30, 2005 for SSI, alleging that he became disabled on April 29, 2005 due to obesity, heart problems, hypertension, coronary artery disease, status post-myocardial infarction, status post-coronary artery bypass grafts, depression and diabetes mellitus. The plaintiff's claim was denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on April 16, 2008. In anticipation of the hearing, counsel for the plaintiff submitted to the ALJ a "pre-hearing brief" to the ALJ, outlining plaintiff's medical conditions that would, in his opinion, meet or medically equal Listing 4.04C and

1

specifically requesting that a medical expert's opinion be obtained regarding whether plaintiff's cardiac impairments met or were medically equal to the Listing. (R. 200-202).

On May 9, 2008, the ALJ issued an unfavorable decision and plaintiff properly filed a request for review with the Appeals Council. On January 9, 2009, the Appeals Council denied plaintiff's request for review. The plaintiff timely filed the instant appeal, which is now ripe for review.

## **FACTS**

The plaintiff was born in 1961, was forty-three at the time of his alleged onset date, and had completed the ninth grade in school. (R. 30) His past relevant work was as a order picker/loader, construction laborer and machine operator. (R.135 - 138). Plaintiff has worked consistently since he was seventeen years old and received enough quarters before his alleged onset date to remain insured for DIB through December 2010. (R. 117).

The ALJ determined that the plaintiff suffers from "severe" impairments including hypertension, coronary artery disease, status post-myocardial infarction; status post-coronary artery bypass grafts; obesity and non-insulin diabetes mellitus (R. 15, 147-149, Docket # 5-2). However the ALJ determined that these impairments, either singly or in combination, do not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 18). The ALJ determined that the plaintiff retains the Residual Functional Capacity (RFC) to "lift/carry and push/pull a maximum of twenty pounds occasionally and ten pounds frequently; stand/walk for a total of six hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday. The claimant must also have the option to sit and stand at will." (R.. 19-20). Upon further analysis under applicable rulings and regulations, the ALJ determined that the plaintiff was less

2

than fully credible in that his claimed symptoms, stated limitations and subjective complaints – particularly concerning the intensity, persistence and limiting effects of these symptoms – are inconsistent with the medical evidence. (R. 20). After evaluating all of the evidence in the record, including testimony of both the plaintiff and a vocational expert (VE) at the hearing, the ALJ held that the plaintiff is unable to perform his past relevant work. (R. 22). Nevertheless, considering his age, education, work experience and RFC, and using the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2, as a framework, he determined that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, and he was not disabled under the Social Security Act. (R. 10-11).

On appeal to this court plaintiff raises the following issues:

1. Whether the ALJ and Appeals Council erred in failing to follow its own policy and procedures regarding counsel's written request for an updated medical expert opinion on equivalency; and
2. Whether the ALJ erred in failing to give proper weight to the treating physician's opinion resulting in a flawed or erroneous RFC determination.

Docket 11, p. 1.

## STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2]

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3]  Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5]  If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6]  At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard.  *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as

---

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[4] 20 C.F.R. §§ 404.1520, 416.920 (2003).

[5] 20 C.F.R. § 404.1520(d), 416.920 (2003).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. §§ 404.1525, 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

The ALJ concluded at step three that despite his severe impairments, they did not meet or equal any impairment listed at 20 CFR pt. 404, subpt. P, app. 1 (2008), including Listing 4.02 or 4.04 for cardiac impairments. (R. 14-15). The plaintiff's argument focuses on the ALJ's determination at step three and his failure either to find that the plaintiff met or medically equaled Listing 4.04 or to request an updated medical expert's opinion on the issue of medical equivalency under Social Security Ruling (SSR) 96-6p in light of plaintiff's impairments and severe obesity. Docket 9, pp. 5-9.

## **DISCUSSION**

### **The Appeals Council's denial of review of the ALJ's decision**

Substantial evidence, says the Fifth Circuit, is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed

even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In this case plaintiff's counsel submitted a brief both to the ALJ – on April 14, 2005 before the April 16, 2005 hearing – and to the Appeals Council on July 1, 2008. (R. 200 - 202, 65). In both memoranda plaintiff's counsel requested:

> Please obtain an ME opinion on meeting or equaling **Listing 4.04C**, as the catheterization report shows 80-90% stenosis at the junction of the proximal mid LAD and a 70% stenosis at the mid to distal LAD, 30% stenosis at the ostium of the circumflex, a 60% stenosis at the distal obtuse marginal branch, and a 50% stenosis toward the mid and distal right coronary artery. The operative report, which is in exhibit 1F [sic], which is in Exhibit 2F, shows bypass grafting times two. It is difficult for Counsel to tell exactly which blockages were bypassed, but certainly the right coronary artery was not bypassed, and this had a 50% stenosis. **Listing 4.04 C-1c** requires 50% or more narrowing of a long (greater than 1 cm) segment of a non-bypassed artery. It also requires very serious limitations in the ability to independently initiate, sustain or complete activities of daily living. I submit that this was present, due to the chest pain, shortness of breath and fatigue at that time, and which continues, to date.

(R. 200 - 201). In support of his request, counsel points to HALLEX 1-2-6-76 which states:

> The Social Security regulations provide that, upon request, the ALJ shall allow claimants a reasonable time to present oral argument, or file briefs or other written statements of fact or law. Absent special circumstances, the ALJ need not fix a time limit on oral argument. Oral argument should be recorded and made a part of the record of the case.
> After all testimony has been presented, the ALJ must:
> 1. Offer the claimant and representative an opportunity to make a final oral argument at the hearing, to submit a brief or other written statement within a reasonable time after the hearing or to give their opinion regarding what the evidence proves and what finding of fact and conclusions of law the ALJ should make; and
> 2. Address any assertions the claimant or representative makes during their final oral argument, which vary sharply with the evidence or raise new issues that may be relevant.

The plaintiff argues that this procedure was not followed by the ALJ or Appeals Council, and therefore the ALJ's decision must be remanded for additional consideration. Plaintiff further

6

contends that had the procedure been followed and the record further developed, the ALJ would have reached a different result at step three of the sequential evaluation and likely would have made a determination that plaintiff was disabled.

At step three of the sequential evaluation process, the plaintiff must prove by objective medical evidence that his impairment, either singly or in combination with other impairments, meets the stringent requirements set out in the listings. *Selders v. Sullivan*, 914 F.2d 614, 617, 619 (5th Cir. 1990), citing *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §404.1526(a) (claimant bears the burden of proof to show medical findings that he or she meets each element of the listing.). Even if it is requested, plaintiff is only entitled to an updated medical expert opinion on medical equivalence to the listings "[w]hen no additional medical evidence is received, but in the opinion of the ALJ the symptoms, signs and laboratory findings reported in the case suggest that a judgment of equivalence may be reasonable;" or "[w]hen additional medical evidence is received that in the opinion of the [ALJ] may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of impairments." SSR 96-6p, pp. 3-4.

Listing 4.04C provides:

<u>Listing 4.04</u> Ischemic heart disease, with symptoms due to myocardial ischemia, as described in 4.00E3-4.00E7, while on a regimen of prescribed treatment (see 4.00B3 if there is no regimen of prescribed treatment), with one of the following:
      A. Sign-or symptom-limited exercise. . . .
      B. Three separate ischemic episodes. . . . OR
      C. Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation) or other appropriate medically acceptable imaging, and in the absence of a timely exercise tolerance test or a timely normal drug-induced stress test, an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise tolerance testing

7

> would present a significant risk to the individual, with both 1 and 2:
> 1. Angiographic evidence showing:
>    a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or
>    b. 70 percent or more narrowing of another nonbypassed coronary artery; or
>    c. 50 percent or more narrowing involving a long (greater than 1 cm) segment of a nonbypassed coronary artery; or
>    d. 50 percent or more narrowing of at least two nonbypassed coronary arteries; or
>    e. 70 percent or more narrowing of a bypass graft vessel; and
> 2. Resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 4.04. In this case, although counsel requested an updated medical exam before the hearing, the request was made just two days prior to the hearing – hardly time to obtain the requested examination. Further, although counsel makes an argument that there may be some possibility that plaintiff's one artery that was not bypassed could have blockage as noted by the listing, the medical evidence reveals that plaintiff suffered a heart attack in April 2009, underwent successful bypass surgery on two other arteries and made a good recovery. (R. 212-214, 256-299, 442-43). In fact, the medical records show that plaintiff did well after his heart surgery. (R. 258). Finally, the plaintiff's own testimony reveals that he is able to cook and clean a little bit, he walks approximately a quarter of a mile a day for exercise, he can lift about ten pounds and occasionally can lift up to thirty pounds. (R. 38, 40 - 43). Medical records in June 2005 show plaintiff indicated he was able to walk, take care of himself (bathing, dressing, eating and using the toilet) and walk indoors with no difficulty and was able to walk a block or two, walk up a flight of stairs or a hill and do moderate work around the house (vacuuming, sweeping floors and carrying groceries) but with some difficulty. (R. 199). Evidence does not establish that plaintiff meets the requirements of "very serious limitations in

the ability to independently initiate, sustain, or complete activities of daily living" under Listing 4.04C(2).

The ALJ had sufficient medical evidence in the record to determine that the plaintiff did not meet the necessary requirements to equal any of the Listings. Although the plaintiff requested an updated medical expert, he is not entitled to such an opinion except in the ALJ's discretion. *Barnes v. Astrue,* 2008 WL 5348225, *9 (S. D. Tex. 2008) (slip op). The court finds that the ALJ's determination was supported by substantial evidence, and the plaintiff has provided no proffer as to what an updated medical expert's opinion would provide that would change the ALJ's decision; thus, the fact that the request was not addressed by the ALJ or the Appeals Council is of no consequence. *Brock v. Chater* 84 F.3d 726, 728 (5th Cir. 1996). Plaintiff was not entitled to an updated medical expert's opinion, and failure to explicitly deny the request is harmless error, if it is error at all.

### Failure to afford controlling weight to plaintiff's treating physician

Plaintiff's treating physician was Dr. William Booker. Dr. Booker completed a Medical Source statement in January 2006 restricting plaintiff to a less than sedentary work level. (R. 278-83). On April 4, 2008, this statement was updated by Dr. Sohail Ahmed, a doctor at the same clinic with Dr. Booker, indicating that the less than sedentary restrictions were still applicable to plaintiff's condition. (R. 444- 446). The ALJ assigned only limited weight to each of these opinions, finding that they were inconsistent with the doctors' own treatment notes. (R. 13). He further noted that despite the severe restrictions indicated by the physicians in the MSS form and later the updated form, treatment notes show that neither physician had recommended any restrictions to plaintiff. *Id.* Instead, Dr. Ahmed had actually advised plaintiff to diet and

9

increase his exercise and activity. (R. 425). The court finds that the less-than-sedentary restrictions indicated by Drs. Booker and Ahmed are more restrictive than plaintiff's own testimony as to his abilities.

State agency physician Dr. Carol E. Kossman submitted a physical residual functional capacity assessment on November 1, 2005 and assessed plaintiff's limitations at a light exertional level. (R. 270 - 277). Consultative examining physician Dr. John A Frenz examined the plaintiff on February 7, 2008 and submitted a medical source statement and cardiovascular status report assessing plaintiff's functional limitations consistent with a light exertional level and with the ALJ's determination of plaintiff's RFC. (R. 14 - 17, 342 -352).

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); see also 20 C.F.R. § 404.1527(d)(2). Although the treating physician's opinion and diagnosis should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

The standards submitted by plaintiff governing the weight to be given a treating physician's opinions and the ALJ's duty to give deference to them are correct[9]. However, an ALJ may properly afford lesser weight to the medical opinions of a treating physician, if he "perform[s] a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). *Newton* requires remand where the ALJ rejects the sole relevant medical opinion in the record. *Qualls v. Astrue* 2009 WL 2391402, *5 (5th Cir. 2009). In *Newton*, unlike this case, "the ALJ summarily rejected the opinions of [plaintiff's] treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant." 209 F.3d at 458. In this case other examining physicians have provided medical evidence relating to plaintiff's functional capacity, and other than Dr. Booker's original and Dr. Ahmed's updated medical source statements – which are clearly inconsistent with their own treatment notes and plaintiff's testimony – there are no indications in the medical records that the plaintiff has limitations which would restrict him to less than light work.

Social Security Administration Regulations provide that SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." The regulation is construed in SSR 96-2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that

---

[9]The court is aware of plaintiff's argument and concern relating to Dr. Frenz's ability and expertise. However, considering the exchange between the ALJ and counsel on this point, and that plaintiff did not pursue the physician's qualifications as an argument before the ALJ or raise it as an issue on appeal, the court will not consider the argument or the attachment to plaintiff's reply brief as they were not a part of the original record in this case.

11

the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

SSR 96-2p. Accordingly, an ALJ must provide appropriate explanations when he declines to afford controlling weight to the treating physician's opinions. *Id.*

The ALJ did so here. He clearly reviewed and relied upon Dr. Booker and Ahmed's records in rejecting their opinions. In fact, these records are thoroughly addressed throughout the decision, along with all other medical evidence. It was these factors and the record as a whole, including hearing testimony by the plaintiff and the VE, that led the ALJ to give lesser weight to Drs. Booker and Ahmed's opinions. An ALJ is afforded discretion when reviewing facts and evidence, but he is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Although he did not expressly delineate each individual factor, the ALJ did discuss the factors necessary to be addressed before affording lesser weight to a treating physician and properly determined that there was good cause for doing so with respect to Drs. Booker and Ahmed. *Qualls,* 2009 WL 2391402, *5 (5th Cir. 2009). Considering all of the records in combination with the effects of plaintiff's obesity, assessment of daily living activities, the VE's testimony and applicable regulations, the ALJ determined that the plaintiff was not under a disability as defined by the Act. The medical evidence supports the ALJ's RFC and his determination of disability.

## **CONCLUSION**

After diligent review, the court holds that the ALJ's decision was supported by

substantial evidence and therefore must be affirmed.  A final judgment will issue this day.

THIS,  the 1st day of June, 2010.

                                                           /s/ S. Allan Alexander
                                                     UNITED STATES MAGISTRATE JUDGE